CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 01 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLARENCE EDWARD HAWKINS, <br> Plaintiff, | Civil Action No. 7:16-cv-00507 |
| v. | MEMORANDUM OPINION |
| SALEM POLICE DEPARTMENT, et al., <br> Defendants. | By: Hon. Michael F. Urbanski <br> Chief United States District Judge |

Clarence Edward Hawkins, a Virginia inmate proceeding pro se, commenced this civil rights action pursuant to 42 U.S.C. § 1983, and the remaining defendants are Salem Police Department and Agent Frye. On June 15, 2017, Salem Police Department filed a motion to dismiss. On the next day, the Clerk issued a Notice, advising Plaintiff that a motion to dismiss was filed and that he had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond . . ., the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states. . . . If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

Notice (ECF no. 25) (original emphasis).

Plaintiff did not respond to the Notice or the motion to dismiss, the Notice was not returned to the court as undeliverable, and Plaintiff has not written to the court since March 2017. Pursuant to the Notice entered on June 16, 2017, the court finds that Plaintiff has failed to prosecute this case. Accordingly, the amended complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute, and all pending motions are denied without prejudice as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31

(1962) ("The authority of a court to dismiss <u>sua sponte</u> for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER:** This 31st day of July, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge